IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| BRIARWOOD OFFICE CENTER II CONDOMINIUM ASSOCIATION,<br><br>    Plaintiff,<br><br>    v.<br><br>WEST BEND MUTUAL INSURANCE COMPANY,<br><br>    Defendant. | Case No.: 24-cv-50177<br><br>Judge Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

This Order concerns a breach of contract action between Plaintiff Briarwood Officer Center II Condominium Association ("Briarwood") and its property insurer, Defendant West Bend Mutual Insurance Company ("West Bend"). Because the action was already resolved by a binding appraisal award, the Court grants West Bend's motion for judgment on the pleadings [31].

    **I.    Background**

Under the appraisal clause of the Parties' agreed insurance policy, either party may demand a binding appraisal of the loss if they cannot otherwise agree on the extent of property damage. Dkt. 31, 2. In this event, each party selects a competent and impartial appraiser to independently assess the damages. *Id*. When the independent appraisers reach different figures, almost inevitably, each party submits

1

their estimate to a mutually selected third-party arbitrator, called an "umpire." *Id.* As the Policy states, "[a] decision agreed to by any two will be binding." *Id.*

Briarwood decided to play those odds, seeking a large appraisal award to replace the roof on a commercial building damaged in a hailstorm. Dkt. 1-1, ¶¶ 9, 15. But no party to the appraisal recommended the total roof replacement Briarwood was hoping for. *Id.* at ¶¶ 15–16. Instead, Briarwood's appraiser recommended roughly $89,000 to repair roof accessories, and West Bend and the umpire agreed to a roughly $75,000 award. Dkt. 31 at 8.

Unhappy with the outcome of the appraisal, Briarwood filed the instant breach of contract action for $500,000. West Bend then moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), correctly noting that the appraisal award binds both parties, as stated in the Policy.

**II.   Analysis**

When challenging the sufficiency of a complaint, a motion for judgment on the pleadings under Rule 12(c) is governed by the same standard as a motion to dismiss under Rule 12(b)(6): The court views the complaint's allegations and reasonable inferences in favor of the nonmovant to decide whether the complaint states a claim that is plausible on its face. *Vinson v. Vermilion County*, 776 F.3d 924, 928 (7th Cir. 2015). Note the qualifier: *reasonable* inferences only. The Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009).

Briarwood's complaint primarily takes the latter course—arguing, for instance, that the appraisal award was "[dis]ingenuous at best," and that West Bend's "unfair claim practices [are] sufficient to void the entire appraisal award." Dkt. 1-1 at ¶¶ 15, 18. "But saying so does not make it so." *Guerrero v. BNSF Ry. Co.*, 929 F.3d 926, 929 (7th Cir. 2019). Rather, Briarwood's conclusory allegations needlessly complicate this Court's review and obscure any meritorious arguments it may have. Setting those conclusions aside, the Court finds that Briarwood failed to state a claim.

Courts in Illinois generally compare appraisal awards to other agreements to arbitrate, "which [are] enforceable in a court of law, and with which a court may compel compliance." *Beard v. Mount Carroll Mut. Fire Ins. Co.*, 203 Ill. App. 3d 724, 727 (1990). That analogy backs Briarwood into a tight corner: Appraisal awards must bind the parties absent gross error, misconduct, or fraud. *70th Court Condo Ass'n v. Ohio Sec. Ins. Co.*, No. 16 CV 07723, 2016 U.S. Dist. LEXIS 153959, at *14 (N.D. Ill. Nov. 7, 2016); *see Hayes v. Ennis*, 278 Ill. App. 3d 121, 127 (1996) ("Arbitration awards should be construed, wherever possible, to uphold their validity."); *Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Loc. 731*, 990 F.2d 957, 960 (7th Cir. 1993) ("Judicial review of arbitration awards is narrow because arbitration is intended to be the final resolution of disputes.").

Briarwood never acknowledges—much less refutes—these strict limitations on judicial review. It merely repeats its dissatisfaction with the final award and argues that most parties to the appraisal were biased against it. For clarity's sake, the Court sorts these criticisms into three groups, challenging the sufficiency of the award, the

umpire's qualifications, and West Bend's selected appraiser. At risk of construing Briarwood's pleadings *too* liberally, moreover, the Court assumes that Briarwood hopes to void the appraisal award for gross error, misconduct, or fraud.

To establish gross error, Briarwood must plausibly suggest that the award's inadequacy is "so strong, gross, and manifest that it would be impossible to state it to a man of common sense without producing an exclamation at the inequality of it." *Hetherington v. Cont'l Ins. Co. of New York*, 311 Ill. App. 577, 583 (Ill. App. Ct. 1941) (internal quotation and citation omitted). Yet, nothing in the complaint supports Briarwood's position that any appraiser grossly miscalculated the award. All three professionals provided estimates below $100,000. And, importantly, Briarwood's own appraiser declined to award a $500,000 roof replacement—instead, recommending a comparable award to what Briarwood received.

What's more, Briarwood's Complaint in no way indicates "corruption or partisan bias on the part of the appraisers." *Id.* (quoting 29 Am .Jur. Sec. 1251 at 934); *see Gen. Cas. Co. v. Tracer Indus., Inc.*, 285 Ill. App. 3d 418, 424 (1996) (finding no gross error where appraisal award "had logic" to it). On a liberal reading, perhaps Briarwood intended to argue that West Bend acted in bad faith; it alleges that West Bend artificially inflated its estimate to force a binding appraisal award, hired its own employee to appraise the damages, and selected an underqualified umpire. In the light most favorable to Briarwood, however, those well-plead allegations don't plausibly suggest that West Bend somehow engaged in misconduct or fraud.

4

First, Briarwood attacks the mutually selected umpire in several ways, arguing that he wasn't licensed to appraise property in Illinois and may have been biased in West Bend's favor. Dkt. 1-1 at ¶¶ 12–13, 15. It ignores, however, that its own appraiser *chose* the umpire. *Id.* at ¶ 11. By Briarwood's logic, the Court should impose a higher standard on judicial review than even Briarwood imposed in the first instance. But there's no allegation that West Bend engaged in misconduct—for instance, by misrepresenting the umpire's license or work experience. So, Briarwood can't have it both ways. *See* THE ROCKER, Amazon Prime (20th Century Studios 2008) ("Well, even though he's a genius, he's an idiot.").

Second, Briarwood alleges that West Bend substantially increased its initial appraisal to shortcut the adjustment process. Dkt. 1-1 at ¶¶ 16–17. But it doesn't follow that West Bend acted in bad faith. Nothing in the Policy prevents either appraiser from negotiating with the umpire to reach a binding appraisal award, nor can the Court conceive of any rule against strategic arbitration. Professionals are generally entitled, if not required, to revise their conclusions as they see fit based on new information and credible input from colleagues—arbitrators, even more so. *See Bailey v. Timpone*, 75 Ill. 2d 539, 545 (1979) (deferring to an umpire's assessment of fair cash value under an identical appraisal procedure).

Finally, although Briarwood alleges that West Bend hired its own employee to appraise the damages, it states the opposite in its earlier answer to West Bend's counterclaim. *Compare* Dkt. 1-1 at ¶16 (*alleging* that West Bend hired its own employee) *with* Dkt. 26 ¶¶ 13, 18 (*admitting* that West Bend hired a third-party).

5

When confronted with that inconsistency, Briarwood made no effort to explain. In fact, neither Party stated how (or if) they expect the Court to evaluate Briarwood's inconsistent pleading.

Admist this ambiguity, the Court returns to binding first principles. Allegations in pleadings—such as complaints—are judicial admissions, which trump evidence. *Cooper v. Carl A. Nelson & Co.*, 211 F.3d 1008, 1014 (7th Cir. 2000). Because judicial admission are formal concessions, a party can plead itself out of court by admitting facts that show it has no claim. *Soo Line R.R. v. St. Louis S.W. Ry.*, 125 F.3d 481, 483 (7th Cir. 1997). The rationale behind this rule is plain—a party cannot be allowed to controvert what it has already unequivocally told a court is the truth. *Id.* Briarwood is no different. As a sophisticated commercial entity represented by qualified counsel, Briarwood may not evade dismissal "simply by failing to attach to [its] complaint a document that proved that [its] claim had no merit." *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). Rather, in the interests of justice, the Court construes Briarwood's judicial admission as part of the pleadings under Federal Rules 8(e) and 10(c).[1] *See* dkt. 31 at 3,4,7 (repeatedly citing dkt. 26 ¶ 13). With that admission, Briarwood pleads itself out of court by admitting facts that defeat its claim.

---

[1] Though some may find this construction too liberal, *e.g.*, *Wells Fargo Bank, N.A. v. Worldwide Shrimp Co.*, No. 17 CV 4723, 2019 U.S. Dist. LEXIS 150655, at *15 n.8 (N.D. Ill. Sep. 4, 2019), Briarwood forfeited the chance to join their ranks. Its Response never mentions the inconsistency between its sworn pleadings—the analytical equivalent of walking calmly away from the explosion in an action movie.

### III. Conclusion

West Bend's motion for judgment on the pleadings [31] is granted for those reasons and its counterclaim for declaratory judgment [17] is dismissed as moot.

Entered: June 6, 2025

By:_____
Iain D. Johnston
U.S. District Judge